**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ABATEMENT ORDER

Appellate case name:      Ex parte Julia Rodriguez

Appellate case number:    01-16-00488-CR

Trial court case number:  2094222

Trial court:            County Criminal Court at Law No. 12 of Harris County

Julia Rodriguez appeals from the trial court's denial of her application for writ of habeas corpus. The clerk's record contains no certification of the right to appeal. *See* TEX. R. APP. P. 25.2(d) (when defendant is appellant, record must include certification of defendant's right to appeal).

In her underlying criminal appeal, Rodriguez received deferred adjudication community supervision and it appears that her deferred adjudication was terminated and she was discharged. Rodriguez has not made payment arrangements for the filing of the reporter's record.

In July, Rodriguez's counsel filed a motion to dismiss the appeal. We denied this motion because it did not comply with Rule 42.2(a) in that it was not signed by Rodriguez and the certificate of service did not reflect counsel served Rodriguez with the motion.

Accordingly, we order this appeal abated and we remand the cause to the trial court for further proceedings. The trial court shall immediately conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's counsel, Windi Akins Pastorini, shall be present. Appellant shall also be present for the hearing in person.

We direct the trial court to:

1) Execute a certification of appellant's right to appeal; and
2) Make any other findings and recommendations the trial court deems appropriate. In particular, the trial court should determine whether appellant desires to prosecute her appeal or has abandoned her appeal.
3) If the trial court determines appellant desires to prosecute her appeal, the trial court shall determine whether appellant is indigent for purposes of the filing of the record.

*See* TEX. R. APP. P. 25.2(a)(2), (d), (f), 34.5(a)(12), (c)(2), 35.3(c), 37.1, 37.3(a)(2).

The trial court shall have a court reporter, or court recorder, record the hearing. The trial court clerk is directed to file a supplemental clerk's record containing the certification of appellant's right to appeal and any other findings, recommendations, and orders of the trial court, with this Court **no later than 30 days from the date of this order**. *See* TEX. R. APP. P. 34.5(c)(2).

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record is filed with the Clerk of this Court. The court coordinator of the trial court shall set a hearing date and notify the parties.

It is so ORDERED.


Judge's signature: /s/ Harvey Brown
                    ☑ Acting individually   ☐ Acting for the Court


Date: October 21, 2016